## Neerenberg v. Neerenberg

*I. J. Katz*, for plaintiff.

*J. M. McAllister*, for defendant.

SLOANE, P. J., March 16, 1965.—A petition for a declaratory judgment, relative to the marital status of plaintiff and defendant, is now before the court. Plaintiff, Harold, and defendant, Marlene, were mar-

ried; subsequently, Marlene secured an annulment of marriage in Nevada. Harold now contests the validity of the Nevada annulment decree, and requests that Marlene be declared his lawful wife, and that she use the surname "Neerenberg" in her business and social life.

Marlene asserts that the Nevada annulment is valid, since Nevada was her domicile at the time of the annulment, and that, therefore, the Nevada decree is entitled to full faith and credit in Pennsylvania. Marlene has also asserted that Harold, although not appearing in Nevada, orally had agreed to consent to Nevada jurisdiction, and that he should now be estopped from questioning Nevada jurisdiction.

### MATERIAL FINDINGS OF FACT

1. (a) Plaintiff, Harold, and defendant, Marlene, are individuals residing and having their respective domiciles in Philadelphia, Pa.

(b) Harold, at all times relevant to this action, has been, and is, a high school teacher in Philadelphia; Marlene, except for several months in 1962 and 1963, has been and is a college student in Philadelphia.

2. Harold and Marlene were married in Baltimore, Md., March 25, 1962, and returned to Philadelphia immediately after their marriage.

3. Marlene, dissatisfied with the marriage, went to Reno, Washoe County, Nev., in August 1962, to seek a termination of her marriage to Harold and without the intent to make Nevada her permanent home.

4. (a) Harold did not appear, personally or by attorney, in the Nevada proceedings.

(b) Harold had orally agreed to sign a power of attorney to enter an appearance in Nevada, and Marlene had relied on this promise in invoking Nevada jurisdiction. Harold subsequently refused to sign the power of attorney.

5. (a) On September 24, 1962, Marlene filed a complaint in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, no. 201241, seeking an annulment or divorce from Harold.

(b) Harold was personally served with the Nevada complaint, but in Philadelphia, Pa.

(c) On November 7, 1962, the Nevada court awarded a decree of annulment to Marlene.

6. On November 8, 1962, the day after the granting of the decree of annulment in Nevada, Marlene returned to Philadelphia and has since resided with her parents at 2221 Hoffnagle Street, Philadelphia, and has resumed her studies at Temple University, Philadelphia.

### CONCLUSIONS OF LAW

1. (a) This court has jurisdiction of the parties and the subject matter.

(b) The marital status of Harold and Marlene is properly adjudicated by the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831 et seq., and its supplementary provisions, Act of May 22, 1935, P. L. 228, 12 PS §847 et seq.

2. (a) Marlene was not domiciled in Nevada either before or at the time the Nevada court decreed that her marriage with Harold was annulled.

(b) Marlene is, and always was, domiciled in Philadelphia, Pa.

3. Nevada did not have jurisdiction to annul the marriage of Harold and Marlene.

4. Because of jurisdiction, this court is not required to give full faith and credit to the Nevada annulment decree.

5. Harold is not now estopped from attacking the jurisdiction of the Nevada court.

6. (a) Harold and Marlene are still married, and are husband and wife.

774

(b) The Nevada annulment decree is void and of no effect in Pennsylvania.

## DECREE NISI

And now, to wit, March 16, 1965, after hearing and consideration, it is ordered and decreed:

1. The decree of annulment applied for and granted on November 7, 1962, by the Second Judicial District Court, in and for the County of Washoe, State of Nevada, Department No. 2, no. 201241, to Marlene Lamont Neerenberg, defendant in this action, is invalid, and of no force or effect in the Commonwealth of Pennsylvania.

2. Marlene Lamont Neerenberg is still the wife of Harold Neerenberg.

3. Plaintiff, Harold Neerenberg, shall bear all costs.

The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel of record. If no exceptions are filed within 20 days hereof, the decree nisi shall be entered by the prothonotary as the final decree, as of course.